UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff/Respondent,       **MEMORANDUM OPINION AND ORDER**

v.       Criminal Case No. 11-103 ADM/FLN
Civil Case No. 13-2390 ADM

Donna Mary Zauner,

       Defendant/Petitioner.

___

Karen B. Schommer, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Donna Mary Zauner, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Donna Mary Zauner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Motion") [Docket No. 72]. For the reasons set forth below, Zauner's motion is denied.

## II. BACKGROUND

In August 2010, Zauner responded to an advertisement on the website "Craigslist," in which Alec Tafolla sought a driving companion for a trip from California to Delaware. See Change of Plea Hr'g Tr. [Docket No. 61] 35. Zauner told Tafolla she and her two daughters needed a ride from Las Vegas to New York, and the three accompanied Tafolla on this trip. Zauner and Tafolla maintained contact, and several weeks after the trip, Zauner told Tafolla she and her children would be moving from New York to Minnesota. Tafolla agreed to drive them. See id. at 35-36. After Zauner and her children arrived in Minnesota, Tafolla began asking

Zauner to take pornographic pictures of her daughters, and Zauner did so. Both of Zauner's daughters were under age 12 at the time. Id. at 36-39. Zauner sent these pictures to Tafolla, who lived in Delaware. In all, Zauner took approximately 20 photographs over an extended period of time, and sent them by cellphone to Tafolla. Id. On April 12, 2011, the Government indicted Zauner with four counts related to the production and distribution of child pornography [Docket No. 16].

On August 1, 2011, Zauner pled guilty to Count 2 of the Indictment, producing child pornography in violation of 18 U.S.C. §§ 2251(a) and (e). See Plea Agmt. [Docket No. 40]. The parties stipulated to a total offense level of 43, and the Government agreed to move for a downward departure under United States Sentencing Guideline (U.S.S.G. or "Guideline") § 5K1.1 if Zauner cooperated with Tafolla's prosecution. Id. ¶¶ 6-8.

On November 9, 2011, the United States Probation Office issued Zauner's Presentence Investigation (PSI). The PSI recommended a total offense level of 46, which reflected the victims' ages, Zauner's status as their parent, and the repeated nature of the conduct. PSI ¶¶ 28-56. This calculation also reflected Zauner's acceptance of responsibility. Id. at ¶ 55. Combined with Zauner's Category I criminal history, the Guideline imprisonment range for Zauner was a life sentence. However, because the statutory maximum sentence was 30 years, the Guideline sentence became 360 months. The statutory minimum sentence for the offense was 15 years. Id. ¶¶ 87-88.

On December 21, 2011, the Court sentenced Zauner to 216 months (18 years) of imprisonment and 15 years of supervised release. See Sentencing Hr'g Tr. [Docket No. 62] 19-20. It also ordered mandatory restitution in the amount of $20,000, for which Zauner and Tafolla

were held jointly and severally liable. Id. at 20. Zauner appealed her sentence, and on August 16, 2012, the Eighth Circuit Court of Appeals affirmed. United States v. Zauner, 688 F.3d 426 (8th Cir. 2012).

Zauner now moves the Court under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence.

### III.  DISCUSSION

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of her sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice. See Poor Thunder v. United States, 810 F.2d 817, 821-22 (8th Cir. 1987). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

**A.  Ineffective Assistance of Counsel**

For her first challenge, Zauner argues she received ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Courts employ a

strong presumption that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id.; Johnson v. United States, 278 F.3d 839, 842-43 (8th Cir. 2002) (holding "[j]udicial review of counsel's effectiveness is 'highly deferential'") (quoting Strickland, 278 F.3d at 689).

Zauner alleges her counsel told her that if she cooperated in full and told the truth, she would not receive a sentence above the 15-year statutory minimum. Mot. at 5. Her complaint is that she received an 18-year sentence after she fully cooperated with the Government. Id.

Zauner has not demonstrated how her counsel's performance was inadequate. Further, Zauner testified at her plea that she understood the Court had sole discretion to decide her sentence. As the Government notes, Zauner's counsel argued at length for the imposition of a sentence at or below the 15-year statutory minimum. In Zauner's sentencing memorandum, Zauner's counsel argued Zauner's cooperation, and the relative harm Zauner committed compared to other convicted child pornographers, warranted the downward departure. See Def.'s Sentencing Mem. [Docket No. 51]. At Zauner's sentencing hearing, her counsel again argued for a maximum sentence of 15 years, emphasizing Tafolla's role in the crimes and expounding the arguments made in Zauner's sentencing memorandum. See Sentencing Hr'g Tr. at 9-10. The record does not indicate Zauner's counsel's advocacy in this case fell below an objective standard of reasonableness. On the contrary, Zauner's very experienced counsel advocated vigorously on her behalf, emphasizing Zauner's difficult and tragic circumstances.

In addition, Zauner cannot show prejudice based on her counsel's alleged representations because Zauner herself testified that she understood the Court had discretion to decide her sentence. At Zauner's change of plea hearing, the Court told Zauner that counsel in her case

4

"have made some agreements on how your situation fits within what's called the sentencing guidelines . . . but I want to make sure you understand that what your sentence will be is up for me to decide as the judge in your case." Change of Plea Hr'g Tr. at 20. And the Court emphasized that when it came to sentencing, "my decisions . . . will control. Do you understand that?" Zauner replied, "Yes." Id.

The Court went on to review Zauner's plea agreement, including twice informing Zauner her sentence would likely fall in the 15 to 30 year range. Id. at 23-27. Zauner twice testified she understood. Id. The Court specifically reviewed Paragraph 7 of the agreement, titled "Discretion of the Court." The Court told Zauner this paragraph meant that despite the parties' agreement, there were "no guarantees," as the Court had the right to use its own judgment in deciding Zauner's sentence. Id. at 28. Zauner responded that she understood. Id. Finally, the Court discussed Zauner's agreement to cooperate with the Government. Yet again, the Court told Zauner that whatever her level of cooperation, it was for the Court to decide how such cooperation would affect her sentence. Zauner again testified she understood. Id. at 31. Given Zauner's testimony, she cannot claim any prejudice resulted from her counsel's alleged representation she would receive a shorter sentence.

**B. "Safety Valve"'**

For her next ground, Zauner states she does not believe she received a "safety valve." Mot. at 6. The Government construes this to mean Zauner requests the benefit of the Guidelines' safety valve provision, which allows a court to "impose a guidelines sentence without regard to a statutory minimum." Deltoro-Aguilera v. United States, 625 F.3d 434, 437 (8th Cir. 2010). Thus construed, this challenge offers Zauner no relief, as the safety valve provision only applies

5

to "first-time non-violent drug offenders who meet certain requirements." Id. (citing U.S.S.G. § 5C1.2). Construing Zauner's motion liberally, the Court sees no other way in which the "safety valve" ground could afford Zauner any relief.

**C. Offense Level Calculation**

As her third challenge, Zauner argues she should have received an "aberrant behavior" adjustment to her sentence under the policy statement in U.S.S.G. § 5K2.20. U.S.S.G. § 5K2.20(b) states a court may depart downward in a sentence if the defendant "committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life." However, U.S.S.G. § 5K2.20(a) specifically excludes certain offenses, including offenses covered by Chapter 110 of Title 18 of the United States Code. The offense to which Zauner pled guilty, 18 U.S.C. § 2251, is in Chapter 110, and so Zauner could not have qualified for a downward departure due to aberrant behavior. Further, the crime involved multiple photos taken on different occasions, belying her claim that her conduct was aberrant.

**D. Miranda Rights Waiver**

Fourth, Zauner argues she was never read her Fourth and Fifth Amendment rights. She also alleges the signature on her waiver of rights form does not belong to her. Mot. at Ex. 1.

Zauner is procedurally barred from raising any Miranda rights challenge because she did not raise this matter in her direct appeal to the Eighth Circuit. See Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997) ("The failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a section 2255 motion, and this rule applies

equally when the conviction was entered pursuant to a guilty plea."). A petitioner may be excused from this bar only if she shows "(1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." Id. (quotation omitted). In this case, Zauner has not indicated any cause excusing this default, nor has she shown how prejudice resulted from the error asserted.

Even assuming Zauner qualified for an exception to the procedural bar, her challenge would still fail. Zauner argues she never received an advisement of her Fourth and Fifth Amendment rights. In support, she submits a Miranda rights waiver she claims she did not sign. But, the record reflects a separate, written Miranda rights waiver that was timely administered and which Zauner does not challenge. See Gov.'s Mem. Mot. Suppress [Docket No. 27] Ex. 4 (Winona County notification and waiver of rights form, signed October 8, 2010). In light of this valid waiver, Zauner's Fourth and Fifth Amendments challenge does not succeed.

**E. Restitution**

Finally, in her cover letter enclosing the present motion, Zauner requests relief from the ordered $20,000 in restitution. While the Court is encouraged to hear Zauner has made progress through programs offered at her prison, this request is denied.

**IV. CERTIFICATE OF APPEALABILITY**

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The

Court finds it unlikely that another court would decide the issues raised in this § 2255 motion differently, or that any of the issues raised in Zauner's petition would be debatable among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

Also, for the reasons stated above, an evidentiary hearing in this matter is not warranted, as the record and the parties' arguments definitively show Zauner is not entitled to relief under § 2255. 28 U.S.C. § 2255; Engelen v. United States, 68 F.3d 228, 240 (8th Cir. 1995).

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Donna Mary Zauner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 72] is **DENIED**. A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 18, 2013.